1

2          `

3

4

5

6

7

8                     UNITED STATES DISTRICT COURT

9                 FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   ARMANDO HERNANDEZ,                    No.  1:20-cv-01019-NONE-SAB (PC)

12              Plaintiff,

13        v.                               ORDER ADOPTING IN PART FINDINGS
                                           AND RECOMMENDATIONS
14   IFEOMA OGBOEHI, et al.,
                                           (Doc. No. 13)
15              Defendant.

16

17          Plaintiff Armando Hernandez is proceeding *pro se* and *in forma pauperis* in this civil

18   rights action pursuant to 42 U.S.C. § 1983.  In his complaint, plaintiff asserts causes of action for:

19   1) deliberate indifference; 2) retaliation; 3) violation of the Americans with Disabilities Act; and

20   4) violation of prison regulations.  (Doc. No. 1.)  The matter was referred to a United States

21   Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

22          On August 17, 2020, the assigned magistrate judge screened plaintiff's complaint and

23   found that it stated a cognizable claim for retaliation and deliberate indifference against

24   defendants Ogbuehi and Gonzales but that it failed to state any other cognizable claims.  (Doc.

25   No. 10.)  Therefore, plaintiff was advised that he could file an amended complaint to attempt to

26   cure the deficiencies in the claims found not to be cognizable in the screening order or a notice of

27   his intent to proceed only on the claims found to be cognizable in the screening order.  (*Id.*)  On

28   August 31, 2020, plaintiff filed a notice of his intent to proceed only on the retaliation and

                                          1

deliberate indifference claims against defendants Ogbuehi and Gonzales found to be cognizable in the screening order.  (Doc. No. 11.)  Accordingly, on September 2, 2020, the magistrate judge issued findings and recommendations, recommending that this action be allowed to proceed against defendants Ogboehi and Gonzales for retaliation and deliberate indifference, and that all other claims and defendants be dismissed from this action.  (Doc. No. 13.)  Those findings and recommendations were served on plaintiff and contained notice that any objections were to be filed within fourteen (14) days after service.  (*Id.* at 2.)

Despite his notice filed August 31, 2020, in which he indicated he wished to proceed only on the claims found to be cognizable in the August 17, 2020 screening order, plaintiff filed objections to the findings and recommendations on September 17, 2020.  (Doc. No. 14.)  In those objections, plaintiff contends that the allegations set forth in his complaint do state a cognizable claim against defendant Onyeje, the Chief Medical Executive at Pleasant Valley State Prison, who is liable as a supervisor and should not be dismissed from this action.  (Doc. No. 14 at 1.)

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, the undersigned has conducted a *de novo* review of this case.  Having carefully reviewed the entire file, including plaintiff's objections, the undersigned concludes that the findings and recommendations are supported by the record and proper analysis insofar as they recommend that this case be allowed to proceed against defendants Ogboehi and Gonzales.  However, with respect to the recommendation that defendant Onyeje be dismissed from this action, implicitly without further leave to amend, the court declines to adopt the findings and recommendations and will instead grant plaintiff leave to amend with respect to his claims against defendant Onyeje.  The undersigned agrees with the pending findings and recommendations in all other respects.

In the screening order, however, the magistrate judge correctly explained that there is no vicarious liability for civil rights violations.  (Doc. No. 10 at 7.)  The magistrate judge also correctly observed that "Plaintiff has not pled that Defendant Onyeje provided direct medical care to him or saw him for treatment" or that defendant "Onyeje was personally involved in any decisions about the appropriate course of Plaintiff's treatment . . . such as reviewing of Plaintiff's medical records or interviewing Plaintiff, indicating that Defendant Onyeje was aware of the

2

existence of an excessive risk to Plaintiff's health." (*Id.* at 8.)  Thus, the magistrate judge has already provided plaintiff with guidance regarding what allegations are required to state a cognizable claim against defendant Onyeje.

Plaintiff alleges in his objections that defendant Ogboehi falsely accused him of bribery for obtaining a podiatric doctor's approvals for a cane, orthopedic shoes, and a right ankle brace.[1] (Doc. No. 1 at 12.)  Plaintiff also argues that defendant Onyeje should face liability as a supervisor because he knew or should have known about the alleged ongoing violation of plaintiff's constitutional rights because plaintiff had filed four complaints against defendant Ogboehi including claims that defendant Ogboehi had falsely accused him of bribery and fabrication of a podiatric report.  (Doc. Nos. 1 at 13; 14 at 1–2.)  Plaintiff also appears to now object to the pending findings and recommendations on the ground that defendant Onyeje acted with a "discriminatory intent." (*Id.* at 2.)

The undersigned has reviewed plaintiff's objections and the filings in this case to date and concludes that it is conceivable that plaintiff could potentially state a cognizable claim against defendant Onyeje to the extent plaintiff can in good faith allege facts that, if proven would establish that defendant Onyeje had the authority and opportunity to prevent an ongoing violation of plaintiff's constitutional rights.  *See Herrera v. Hall*, No. 1:08–cv–01882–LJO–SKO, 2010 WL 2791586, at *2–4 (E.D. Cal. July 14, 2010) (holding that the plaintiff had alleged sufficient facts to support deliberate indifference claim where the plaintiff alleged defendants knew reports in plaintiff's medical file were false yet still denied requests for medical treatment by relying on information in medical file they knew to be false) (citing *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989)).

Reading the complaint liberally, plaintiff alleges that one of the CDCR nurse defendants told him that defendant Dr. Onyeje will just "go[] with what NP-Ogbuehi [sic] says . . . but will look into your medical file and deny this grievance." (Doc. No. 1 at 13–15.)  Plaintiff has also

---

[1]  Plaintiff alleges he was involved in a near-fatal car accident in which he sustained multiple bone fractures and required surgery to reattach his right ankle and leg with a metal rod, pins, and a plate.  (Doc. No. 1 at 11.)

alleged that defendant Onyeje's response to his medical inmate grievance strongly suggests an acceptance of defendant Ogboehi's "malicious and sadistic" behavior "as typical at PVSP." (*Id.* at 15.)  However, plaintiff does not allege anything about the content of defendant Onyeje's response nor does plaintiff provide any other specific allegations to support an inference that defendant Onyeje was aware of defendant Ogboehi's alleged practice of falsifying reports.  (*See generally id.*)  Plaintiff appears to belatedly argue in his objections, after filing notice of his intent to proceed only on the claims found to be cognizable in the screening order, that defendant Onyeje knew of the alleged ongoing violation of plaintiff's rights as a result of plaintiff's filing of four pending inmate grievances against defendant Ogboehi.  (Doc. No. 14 at 1–2.)  While plaintiff's allegations belatedly presented in his objections may create an inference that defendant Onyeje had reason to know of an ongoing constitutional violation by virtue of plaintiff's four inmate grievances brought against defendant Ogboehi, plaintiff has not actually alleged in his complaint that defendant Onyeje was aware of plaintiff's inmate grievances filed against defendant Ogboehi for allegedly falsifying reports.  (*See generally id.*)

While the undersigned agrees with the pending findings and recommendations that plaintiff has not yet pled sufficient facts indicating that defendant Onyeje knew of a violation of plaintiff's constitutional rights and failed to prevent it, out of an abundance of caution the court will allow plaintiff an opportunity to amend his complaint as to his claims against defendant Onyeje.

Accordingly,

1. The findings and recommendations issued on September 2, 2020 (Doc. No. 13) are adopted in part;

2. This action shall proceed against defendants Ogboehi and Gonzales for retaliation and deliberate indifference;

/////

/////

/////

/////

4

3. The court will grant plaintiff leave to amend his claims against defendant Onyeje and any amended complaint[2] plaintiff elects to file shall be filed within thirty days (30) of the date this order is served upon plaintiff;

4. All other claims and defendants shall be dismissed for failure to state a cognizable claim for relief; and

5. The case is referred back to the assigned magistrate judge for further proceedings.

IT IS SO ORDERED.

Dated: __**December 30, 2020**__                    _____

UNITED STATES DISTRICT JUDGE

---

[2]  Plaintiff is cautioned that the court cannot refer to a prior pleading in order to make an amended complaint complete.  Local Rule 220 requires any amended complaint to be complete in itself without reference to prior pleadings.  Any amended complaint filed in this action will supersede the original complaint.  *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967).  Thus, in any amended complaint plaintiff elects to file, he must (1) name each defendant in the caption, (2) identify each defendant in the body of the complaint in connection with each claim brought against each defendant, and (3) sufficiently allege facts showing the involvement of each named defendant in the alleged violation of his constitutional rights, just as if it were the initial complaint filed in this case.  Finally, any amended complaint filed by plaintiff must include concise but complete factual allegations describing the conduct and events which underlie his claims.