UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARMANDO HERNANDEZ,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>IFEOMA OGBOEHI, et al.,<br><br>　　　　Defendants. | Case No.: 1:20-cv-01019-NONE-SAB (PC)<br><br>ORDER FINDING FIRST AMENDED COMPLAINT STATES COGNIZABLE CLAIMS AGAINST DEFENDANTS OGBUEHI, GONZALES, AND ONYEJE<br><br>(ECF No. 18) |

　　　　Plaintiff Armando Hernandez is proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

　　　　On August 17, 2020, the assigned magistrate judge screened plaintiff's complaint and found that it stated a cognizable claim for retaliation and deliberate indifference against defendants Ogbuehi and Gonzales but that it failed to state any other cognizable claims. (Doc. No. 10.) Therefore, plaintiff was advised that he could file an amended complaint to attempt to cure the deficiencies in the claims found not to be cognizable in the screening order or a notice of his intent to proceed only on the claims found to be cognizable in the screening order. (*Id.*) On August 31, 2020, plaintiff filed a notice of his intent to proceed only on the retaliation and deliberate indifference claims against defendants Ogbuehi and Gonzales found to be cognizable in the screening order. (Doc. No. 11.) Accordingly, on September 2, 2020, the magistrate judge issued findings and recommendations, recommending that

1

1  this action be allowed to proceed against defendants Ogbuehi and Gonzales for retaliation and

2  deliberate indifference, and that all other claims and defendants be dismissed from this action. (Doc.

3  No. 13.)  Those findings and recommendations were served on plaintiff and contained notice that any

4  objections were to be filed within fourteen (14) days after service. (*Id.* at 2.)

5  Despite his notice filed August 31, 2020, in which he indicated he wished to proceed only on

6  the claims found to be cognizable in the August 17, 2020 screening order, plaintiff filed objections to

7  the findings and recommendations on September 17, 2020. (Doc. No. 14.)

8  On January 4, 2021, the District Judge adopted in part the findings and recommendations.

9  (Doc. No. 15.)  The District Judge found that, although the operative complaint did not state a

10 cognizable claim, it was conceivable that Plaintiff may be able to amend the complaint to state a

11 cognizable claim against Defendant Onyeje, and Plaintiff was granted thirty days to file an amended

12 complaint.  (Id. at 3.)

13 Plaintiff filed a first amended complaint on March 3, 2021.  (Doc. No. 18.)  In the first

14 amended complaint, Plaintiff alleges that "on 03-08-2019 Plaintiff had a[] health care grievance

15 interview with Defendant Gonzales in regards to CDCR 602 HC #PVSP-HC-19000039.  She asked

16 Plaintiff 'to withdraw grievance to avoid any trouble with Ogbuehi." Plaintiff refused and respectfully

17 told her "no Ogbuehi is not a foot doctor, orthopedic doctor, chirop[ractic] doctor, elbow or should

18 specialist.'  She replied 'how much time are you doing Hernandez because whatever you say Dr.

19 Onyeje going with what NP-Ogbuehi says.'  Plaintiff reply 'she said I bribe the podiatric for a cane,

20 shoes, inner soles, ankle brace and somehow fabricated the podiatric report on the medical access only

21 computers that's illegal and highly impossible.'"  (First Am. Compl. at 5, ECF No. 18.)  Dr. Onyeje, is

22 the appeals reviewing authority, aware of violation of my rights.  (Id.)

23 Based on Plaintiff's allegations that Defendant Dr. Onyeje reviewed Plaintiff's grievance

24 which contained the allegations that Defendant Ogbuehi improperly denied his treatment and Gonzales

25 said Onyeje would simply agree with Ogbuehi, supports a plausible inference that Dr. Onyeje had

26 knowledge of the misconduct in falsifying reports and failed to intervene, despite the ability to do so.

27 Accordingly, by way of separate order, the Court will order service of the first amended complaint on

28 Defendants Ogbuehi, Gonzales, and Onyeje for deliberate indifference to a serious medical need in

violation of the Eighth Amendment and against Defendants Ogbuehi and Gonzales for retaliation in violation of the First Amendment.

IT IS SO ORDERED.

Dated: __March 26, 2021__

UNITED STATES MAGISTRATE JUDGE