**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ARMANDO HERNANDEZ, | Case No.: 1:20-cv-01019-JLT-SAB (PC) |
| Plaintiff, | |
| v. | ORDER REGARDING DEFENDANTS' MOTION TO COMPEL PLAINTIFF'S DEPOSITION AND TO RECOVER EXPENSES |
| IFEOMA OGBOEHI, et al., | |
| Defendants. | (ECF No. 32) |

Plaintiff Armando Hernandez is proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Defendants' motion for compel Plaintiff's deposition and to recover expenses, filed November 10, 2021.

**I.**

**RELEVANT BACKGROUND**

This action is proceeding against Defendants Ogbuehi, Gonzales, and Onyeje for deliberate indifference to a serious medical need in violation of the Eighth Amendment and against Defendants Ogbuehi and Gonzales for retaliation in violation of the First Amendment.

On July 2, 2021, Defendants filed an answer to the first amended complaint. (ECF No. 24.)

On July 7, 2021, the Court set a settlement conference for September 21, 2021, before Magistrate Judge Barbara A. McAuliffe and stayed the case for 80 days. (ECF No. 25.) The Court

1

also advised Defendants that if after investigating Plaintiff's claims and speaking with Plaintiff, and after conferring with others, defense counsel in good faith finds that a settlement conference would be a waste of resources, defense counsel may move to opt out of this early settlement conference. (Id.)  On July 19, 2021, Defendants filed a request to opt-out of the settlement conference.  (ECF No. 26.)  On July 20, 2021, the Court granted Defendants' request, vacated the settlement conference, lifted the stay, and directed the Clerk of Court to issue the discovery and scheduling order.  (ECF No. 27.)

On September 30, 2021, the Court denied Plaintiff's motion for appointment of counsel, without prejudice.  (ECF No. 30.)

On November 10, 2021, Defendants filed the instant motion to compel Plaintiff's deposition and to recover expenses.  (ECF No. 32.)  On December 20, 2021, Defendants filed of counsel in lieu of a reply. (ECF No. 33.)  On January 6, 2022, Plaintiff filed an untimely opposition.[1]  (ECF No. 35.)  Defendants filed a reply on January 13, 2022.  (ECF No. 36.)

## II.

## DISCUSSION

Defendants request that Plaintiff be compelled to appear and provide deposition testimony and to reimburse Defendants for the expenses incurred in attempting to take his deposition and file the instant motion to compel.

Discovery opened in this action on July 20, 2021, and the deadline for completion of all discovery is March 20, 2022.  (ECF No. 28.)  Defendants timely served Plaintiff with a deposition notice on August 25, 2021.  (Declaration of Justin Walker "Walker Decl." ¶¶ 1-2, Ex. A.)  The deposition was scheduled to take place on October 19, 2021, at 9:00 a.m. at the California State Prison, Solano (CSP-Solano).  (Id.)

///

---

[1] Plaintiff states that in failing to file an opposition he was complying with the Court's October 28, 2021 order re:clarification which he contends stayed the case.  (ECF No. 33.)  However, the order of clarification was not intended to stay any deadlines in this matter. It merely advised the parties that they "should expect that no matter in [this] case[] will be addressed by a district judge." (ECF No. 31.)  The order of clarification also indicates that the magistrate judge may "elect to stay discovery and other proceedings in [this case] entirely or may allow proceedings that do not require the attention of a district judge to continue to move forward." In the absence of action by the undersigned affirmatively staying discovery, not present here, discovery deadlines remain in place.  In this instance, the Court deems Defendants' motion to compel submitted without the necessity of a response from Plaintiff.

On October 19, 2021, counsel for Defendants appeared by video at CSP-Solano to take Plaintiff's deposition.  (Walker Decl. ¶ 3, Ex. B.)  At approximately 8:50 a.m., before going on the record, Plaintiff informed counsel that he was refusing to participate in the deposition.  (Id.)  After going on the record a few minutes later, Plaintiff reiterated his refusal to participate in the deposition unless he was represented by counsel.  (Id.)

Defendants are entitled to conduct discovery, which includes the deposition of Plaintiff, to obtain all information pertaining to the factual allegations, and legal claims and defenses at issue in this action. Fed. R. Civ. P. 26(b)(1) & 30.  Federal Rules of Civil Procedure 30(a)(2)(B) and (b)(1) allow a party to depose a prisoner by oral examination if the party obtains leave of court and gives other parties "reasonable written notice" of the time and place of the deposition and, if known, the deponent's name and address.  "An objection at the time of the examination – whether to evidence, to a party's conduct, to the officer's qualifications, to the manner of taking the deposition, or to any other aspect of the deposition – must be noted on the record, but the examination still proceeds." Fed. R. Civ. P. 30(c)(2).  Objections must be stated *concisely* in a non-argumentative and non-suggestive manner. Id.  The deponent may refuse to answer a question "only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3)." *Id.* The court may impose a sanction – including of reasonable expenses and attorney's fees – on any person who "impedes, delays, or frustrates the fair examination of the deponent." Fed. R. Civ. P. 30(d)(2).  Under Rule 37(a), a party seeking discovery may move for an order compelling discovery when an opposing party has failed to respond.  Fed. R. Civ. P. 37(a).  In filing  a motion to compel, the moving party bears the burden of demonstrating that he will suffer "actual and substantial prejudice" from the denial of discovery.  Veterans for Common Sense v. Shinseki, 644 F.3d 845, 888 ((th Cir. 2011) (citing Hallen v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002)).

The scheduling order in this case gave leave to depose Plaintiff, ECF No. 28 at 2, and Defendant provided adequate notice, Walker Decl. ¶ 2.  Plaintiff's argument that he may refuse to participate in his deposition unless he is represented by counsel is without merit.  See, e.g., Pulliam v. Lozano, No. 1:07-cv-964-LJO-MJS, 2011 WL 335866, at *3 (E.D. Cal. Jan. 31, 2011) (pro se inmate must fully participate and cooperate in properly noticed deposition despite his preference for

3

appointed counsel); <u>Green v. CDCR</u>, No. 2:14-cv-2854-TLN-AC P, 2018 WL 4963122, at *2 (E.D. Cal. Oct. 15, 2018 (pro se plaintiff is "required to fully participate in all stages of the proceedings"). While it is an unfortunate reality of prisoner litigation that an inmate plaintiff can be required to represent his own interests.   There is no right to counsel in section 1983 cases. See <u>Nicholson v. Rushen</u>, 767 F.2d 1426, 1427 (9th Cir. 1985) (per curiam).  Although the Court may request counsel to represent an inmate, such requests are only warranted when justified by exceptional circumstances. <u>Rand v. Rowland</u>, 113 F.3d 1520, 1525 (9th Cir. 1997).  This Court has a large number of *pro se* prisoner litigants, nearly all of whom would appreciate an attorney's assistance in litigating their cases—but there are few attorneys interested in assisting.  The Court finds that Plaintiff is in no different position than any other pro se inmate litigating a § 1983 action.

In determining whether exceptional circumstances justifying appointment of counsel exist, "the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." <u>Rand v. Rowland</u>, 113 F.3d at 1525 (internal quotation marks and citations omitted).  Here, based on the factual allegations in the first amended complaint, the Court finds that Plaintiff appears capable of representing himself and no other exceptional circumstances justifying appointment of counsel exist. Because Defendants' ability to adequately defend Plaintiff's claim will be prejudiced without Plaintiff's deposition testimony, he will be compelled to sit for his deposition without court appointed counsel.

Pursuant to Rule 37 of the Federal Rules of Civil Procedure, if the motion to compel is granted, the court must order the offending party "to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees" unless "(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A). An award of sanctions is mandatory under Rule 37(a)(5) unless the party shows that the failure to respond was substantially justified or that an award of expenses would be unjust. <u>Infanzon v. Allstate Ins. Co.</u>, 335 F.R.D. 305, 311 (C.D. Cal. 2020). It is the burden of the party being sanctioned to establish this substantial justification or the

existence of special circumstances. <u>Infanzon</u>, 335 F.R.D. at 311.  Plaintiff's pro se status does not insulate him from an order requiring the payment of such expenses.  <u>See</u> <u>Warren v. Guelker</u>, 29 F.3d 1386, 1390 (9th Cir. 1994) (a court cannot decline to impose sanctions simply because a plaintiff is proceeding pro se); <u>Shabazz v. Giurbino</u>, No. 1:14-cv-01558-DAD-SAB (PC), 2016 WL 4992684, at *2 (E.D. Cal. Sept. 19, 2016) (Because plaintiff's opposition to the motion to compel was not justified, reasonable expenses of attorney's fees should be assessed against plaintiff.); <u>Sanchez v. Rodriguez</u>, 298 F.R.D. 460, 470 (C.D. Cal. 2014) (pro se status "does not excuse intentional noncompliance with discovery rules.").

Defendants properly noticed Plaintiff's deposition and he refused to participate.  Plaintiff's refusal to participate was both willful and unjustified.  Plaintiff's sole justification for his refusal to participate was not substantially justified and no other circumstances make the award of expenses unjust.  Defendants' counsel spent six hours preparing for and attending Plaintiff's deposition and preparing the instant motion to compel.  (Walker Decl. ¶¶ 3-4, Exs. B-C.)  Attorneys in the Office of the Attorney General bill an hourly rate of $220. (<u>Id.</u>)  Therefore, Defendants incurred  $1,320 in attorney's fees. In addition, the cost for services for the Court Reporter to attend the deposition and to provide me with a copy of the transcript was $580, totaling $1,900.00. (<u>Id.</u>)  In determining if the amount requested is reasonable courts use the lodestar method which multiplies the number of hours reasonably expended by counsel by the reasonable hourly rate. <u>Gonzalez v. City of Maywood</u>, 729 F.3d 1196, 1202 (9th Cir. 2013); <u>Camacho v. Bridgeport Fin., Inc.</u>, 523 F.3d 973, 978 (9th Cir. 2008); <u>Infanzon</u>, 335 F.R.D. at 314. The Court finds that the rate of $220.00 per hour for the services of defense counsel is reasonable.  Defendants are only seeking to be reimbursed for the time spent in preparing and attending Plaintiff's deposition and drafting the instant motion to compel which was necessary due to Plaintiff's refusal to participate in his deposition.  The Court also finds that six hours is a reasonable amount of time for preparing and attending the deposition and drafting the motion to compel.  The Court shall award attorney fees in the amount of $1,900.00 to Defendants for the costs incurred due to Plaintiff's failure to participate in his deposition.

///

///

5

**III.**

**CONCLUSION AND ORDER**

Based on the foregoing, it is HEREBY ORDERED that:

1.      Defendants' motion to compel Plaintiff's participation in the taking of his deposition be granted; and

2.      Plaintiff is responsible for the amount of $1,900.00 to Defendants for the costs incurred in his refusal to participate in his deposition.

IT IS SO ORDERED.

Dated:   **January 19, 2022**

_____

UNITED STATES MAGISTRATE JUDGE

6