# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARMANDO HERNANDEZ,<br><br>    Plaintiff,<br><br>    v.<br><br>OGBOEHI, et al.,<br><br>    Defendants. | Case No. 1:20-cv-01019-ADA-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO COMPEL DISCOVERY<br><br>(ECF No. 47) |

Plaintiff Armando Hernandez is proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's motion to compel discovery, filed September 12, 2022.

**I.**

**RELEVANT BACKGROUND**

This action is proceeding against Defendants Ogbuehi, Gonzales, and Onyeje for deliberate indifference to a serious medical need in violation of the Eighth Amendment and against Defendants Ogbuehi and Gonzales for retaliation in violation of the First Amendment. (ECF No. 20.)

On July 2, 2021, Defendants filed an answer to the operative complaint. (ECF No. 24.)

After Defendants opted out of the Court's ADR settlement conference, the Court issued the discovery and scheduling order on July 20, 2021. (ECF No. 28.)

1   On May 31, 2022, the Court granted Defendants' motion to modify the discovery and
2   scheduling order and extended the dispositive motion deadline to August 29, 2022.  (ECF No.
3   43.)  On August 23, 2022, the Court granted Defendants' second motion to modify the discovery
4   and scheduling order and extended the dispositive motion deadline to October 28, 2022.  (ECF
5   No. 45.)
6   On September 12, 2022, Plaintiff filed the instant motion to compel discovery.  (ECF No.
7   47.)  Defendants filed an opposition on October 4, 2022, and Plaintiff did not file a reply.  (ECF
8   No. 48.)

## II.

## LEGAL STANDARD

11  Plaintiff is proceeding pro se and he is a state prisoner challenging his conditions of
12  confinement.  As a result, the parties were relieved of some of the requirements which would
13  otherwise apply, including initial disclosure and the need to meet and confer in good faith prior
14  to involving the Court in a discovery dispute.  Fed. R. Civ. P. 26(a)(1); Fed. R. Civ. P. 26(c);
15  Fed. R. Civ. P. 37(a)(1); Local Rules 240, 251; ECF No. 28.  Further, where otherwise
16  discoverable information would pose a threat to the safety and security of the prison or infringe
17  upon a protected privacy interest, a need may arise for the Court to balance interests in
18  determining whether disclosure should occur.  See Fed. R. Civ. P. 26(c); Seattle Times Co. v.
19  Rhinehart, 467 U.S. 20, 35 n.21 (1984) (privacy rights or interests implicit in broad purpose and
20  language of Rule 26(c)); Burlington N. & Santa Fe Ry. Co. v. United States Dist. Court for the
21  Dist. of Montana, 408 F.3d 1142, 1149 (9th Cir. 2005) (discussing assertion of privilege); Soto v.
22  City of Concord, 162 F.R.D. 603, 616 (N.D. Cal. 1995) (recognizing a constitutionally-based
23  right of privacy that can be raised in discovery); see also Garcia v. Clark, No. 1:10-CV-00447-
24  LJO-DLB PC, 2012 WL 1232315, at *6 n.5 (E.D. Cal. Apr. 12, 2012) (noting inmate's
25  entitlement to inspect discoverable information may be accommodated in ways which mitigate
26  institutional safety concerns); Robinson v. Adams, No. 1:08-cv-01380-AWI-BAM PC, 2012 WL
27  912746, at *2-3 (E.D. Cal. Mar. 16, 2012) (issuing protective order regarding documents
28  containing information which implicated the safety and security of the prison); Orr v. Hernandez,

1  No. CV-08-0472-JLQ, 2012 WL 761355, at *1-2 (E.D. Cal. Mar. 7, 2012) (addressing requests
2  for protective order and for redaction of information asserted to risk jeopardizing safety and
3  security of inmates or the institution if released); Womack v. Virga, No. CIV S-11-1030 MCE
4  EFB P, 2011 WL 6703958, at *5-6 (E.D. Cal. Dec. 21, 2011) (requiring defendants to submit
5  withheld documents for in camera review or move for a protective order).

6  However, this is a civil action to which the Federal Rules of Civil Procedure apply. The
7  discovery process is subject to the overriding limitation of good faith, and callous disregard of
8  discovery responsibilities cannot be condoned. Asea, Inc. v. Southern Pac. Transp. Co., 669
9  F.2d 1242, 1246 (9th Cir. 1981) (quotation marks and citation omitted). "Parties may obtain
10 discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and
11 proportional to the needs of the case, considering the importance of the issues at stake in the
12 action, the amount in controversy, the parties' relative access to relevant information, the parties'
13 resources, the importance of the discovery in resolving the issues, and whether the burden or
14 expense of the proposed discovery outweighs its likely benefit." Fed R. Civ. P. 26(b)(1).

15 Generally, if the responding party objects to a discovery request, the party moving to
16 compel bears the burden of demonstrating why the objections are not justified. Grabek v.
17 Dickinson, No. CIV S-10-2892 GGH P, 2012 WL 113799, at *1 (E.D. Cal. Jan. 13, 2012);
18 Womack, 2011 WL 6703958, at *3; Mitchell v. Felker, No. CV 08-119RAJ, 2010 WL 3835765,
19 at *2 (E.D. Cal. Sep. 29, 2010); Ellis v. Cambra, No. 1:02-cv-05646-AWI-SMS PC, 2008 WL
20 860523, at *4 (E.D. Cal. Mar. 27, 2008). This requires the moving party to inform the Court
21 which discovery requests are the subject of the motion to compel, and, for each disputed
22 response, why the information sought is relevant and why the responding party's objections are
23 not meritorious. Grabek, 2012 WL 113799, at *1; Womack, 2011 WL 6703958, at *3; Mitchell,
24 2010 WL 3835765, at *2; Ellis, 2008 WL 860523, at *4. However, the Court is vested with
25 broad discretion to manage discovery and notwithstanding these procedures, Plaintiff is entitled
26 to leniency as a pro se litigant; therefore, to the extent possible, the Court endeavors to resolve
27 his motion to compel on its merits. Hunt v. County of Orange, 672 F.3d
28

606, 616 (9th Cir. 2012); Surfvivor Media, Inc. v. Survivor Productions, 406 F.3d 625, 635 (9th Cir. 2005); Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002).

### III.

### DISCUSSION

**A.    Motion to Compel**

Plaintiff seeks to compel a response to his request for production served on April 25, 2022 and June 23, 2022.  (ECF No. 47.)

Defendants oppose Plaintiff's motion and argue that Plaintiff did not serve them with timely discovery requests pursuant to the Court's discovery and scheduling order.

Plaintiff's motion to compel must be denied.  Pursuant to the Court's July 20, 2021, discovery and scheduling order, responses to discovery were due forty-five days from the date of service of the request.  (ECF No. 28 at 1.)  The order further required that all discovery be completed by March 20, 2022, with discovery requests "served sufficiently in advance of the discovery deadline to permit for a response …." (Id. at 2.)  Therefore, a discovery request that is served less than forty-five days before the close of discovery is untimely.  See, e.g., Vanderbush v. Chokatos, No. 1:13-cv-01422-LJO-EPG, 2018 WL 3031488, at *5-6 (E.D. Cal. June 15, 2018) (construing court's scheduling order, which contained a similar 45-day discovery response deadline, and finding that requests that were served less than 45 days before the discovery deadline were untimely).  Consequently, a responding party that is served with an untimely request is not obligated to respond.  Giraldes v. Oania, No. 2:14-cv-726-JAM-EFB-P, 2016 WL 3448713, at *6 (E.D. Cal. June 23, 2016).

In this case, Plaintiff did not serve the requests for production of documents he wants to compel a response to until April 25, 2022 and then again on June 23, 2022.  (ECF No. 47 at 1-2.) Pursuant to the Court's July 20, 2021, discovery and scheduling order, in order for discovery requests to be deemed timely served, Plaintiff had until January 31, 2022, to serve Defendants with written discovery.[1]  Accordingly, because Plaintiff's April 25, 2022 and June 23, 2022,

---

[1] Defendants were entitled to an additional three days after the forty-five-day deadline expired because Plaintiff's requests were served by mail, Fed. R. Civ. P. 6(d).

requests fell beyond the discovery cut-off date of March 20, 2022, the requests for discovery were untimely. Although Defendants requested and were granted two modifications of the discovery and scheduling order, the extension only applied to the dispositive motion deadline and not the discovery deadline. (ECF Nos. 42, 43, 44, 45.) Moreover, Defendants submit that they have never been served with any discovery requests from Plaintiff, and there were no "discovery requests from Plaintiff that were served on April 25, 2022 or June 23, 2022, or any other date, in the case file." (Declaration of Garrett L. Seuell ¶ 3.) Plaintiff has not demonstrated good cause for excusing his untimely discovery requests, and the instant motion to compel must be denied.

### B. Request for Expenses

Plaintiff seeks $1,900.00 in expenses incurred in filing the instant motion to compel. If a motion to compel discovery is granted, "the court must, after giving an opportunity to be heard, require the party ... whose conduct necessitated the motion ... to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5).

Because Plaintiff's motion to compel must be denied in its entirety, there is no basis to award Plaintiff $1,900.00 in expenses and the request shall be denied.

## IV.

## ORDER

Based on the foregoing, it is HEREBY ORDERED that Plaintiff's motion to compel and request for expenses (ECF No. 47), filed on September 12, 2022, is DENIED.

IT IS SO ORDERED.

Dated:   **October 20, 2022**

UNITED STATES MAGISTRATE JUDGE