# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARMANDO HERNANDEZ,<br><br>  Plaintiff,<br><br>  v.<br><br>OGBOEHI, et al.,<br><br>  Defendants. | Case No. 1:20-cv-01019-ADA-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF EXPERT WITNESS<br><br>(ECF No. 55) |

Plaintiff Armando Hernandez is proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's motion for appointment of an expert witness, filed January 3, 2023.

Federal Rule of Evidence 706 provides that "the court may order the parties to show cause why expert witnesses should not be appointed and may ask the parties to submit nominations. The Court may appoint any expert that the parties agree on and any of its own choosing." Fed. R. Evid. 706(a). However, court-appointed experts typically are used in complex litigation where the record is not clearly developed by the parties, and generally serve the purpose of aiding the court in understanding the subject matter at hand. See Walker v. Am. Home Shield Long Term Disability Plan, 180 F.3d 1065, 1071 (9th Cir. 1999) (appointing a

physician expert witness where medical testimony on record was "not particularly clear"); Woodroffe v. Oregon, 2014 WL 1383400, at *5 (D. Or. April 8, 2014) ("This Rule permits a court to appoint a neutral expert to assist the court to understand complex, technical, or esoteric subject matter."); In re Joint E. & S. Districts Asbestos Litig., 830 F. Supp. 686, 693 (E.D. N.Y. 1993) (noting that court appointment of experts is appropriate only in "rare circumstances" and should be reserved for "exceptional cases" in which the ordinary adversarial process does not suffice, such as complex mass tort problems.) Courts do not invoke Rule 706 simply to "appoint an expert on behalf of an indigent civil party." Woodroffe, 2014 WL 1383400, at *5; see also Gorton v. Todd, 793 F. Supp.2d 1171, 1178 n.6 (E.D. Cal. 2011) (Rule 706 did not permit the appointment of a neutral expert witness solely for an indigent prisoners' "own benefit" in aiming to prove deliberate indifference). Indeed, "28 U.S.C. § 1915 does not authorize the court to appoint an expert for plaintiff's benefit to be paid by the court." Gorton, 793 F. Supp. 2d at 1184 n.11.

Here, Plaintiff seeks appointment of an expert witness "on his medical care case due to the complexity of the argument that requires a more lengthy explanation and fact-based or expert-based refutation of Defendants['] claims." (ECF No. 55.) To the extent plaintiff seeks appointment of an expert witness to testify to plaintiff's view of the medical standard of care, such appointment is inappropriate. Rule 706 does not contemplate court appointment and compensation of an expert witness as an advocate for plaintiff. Manriquez v. Huchins, 2012 WL 5880431, *14 (E.D. Cal. 2012) (purpose of a court-appointed expert is to assist the trier of fact, not to serve as an advocate); Brooks v. Tate, 2013 WL 4049043, *1 (E.D. Cal. Aug. 7, 2013) (avoiding bias or otherwise assisting one party is not the purpose of Rule 706); Gorrell v. Sneath, 2013 WL 3357646, * 1 (E.D. Cal. Jul. 3, 2013) (purpose of court-appointed expert is to assist the trier of fact, not to serve as an advocate for a particular party). Rather, Rule 706(a) of the Federal Rules of Evidence permits the court to appoint only neutral expert witnesses. There is no showing and the record does not support that Plaintiff's deliberate indifference claim is factually or legally complex such that the appointment of a neutral expert witness is required. See Wallace v. Pierce Cnty. Sheriff's Dep't, 2019 WL 3736658, at *3 (W.D. Wash. Aug. 8,

2019) (denying motion for court-appointed expert where the plaintiff alleged deliberate indifference to his medical needs because "the facts of this case are not extraordinary, and the legal issues are not complex") (citation omitted). Accordingly, Plaintiff's motion to appointment a medical expert under Rule 706 is denied.

IT IS SO ORDERED.

Dated: **January 5, 2023**

UNITED STATES MAGISTRATE JUDGE