UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARMANDO HERNANDEZ,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>OGBOEHI, et al.,<br><br>　　　　Defendants. | No. 1:20-cv-01019-ADA-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S SECOND MOTION FOR APPOINTMENT OF EXPERT WITNESS AND THIRD MOTION FOR APPOINTMENT OF COUNSEL<br><br>(ECF Nos. 70, 71) |

Plaintiff Armando Hernandez is proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's motion for appointment of an expert witness and third request appointment of counsel, filed July 26, 2023. (ECF Nos. 70, 71.)

As Plaintiff is well aware, he does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the Court cannot require any attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether

"exceptional circumstances exist, the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

In the present case, the Court does not find the required exceptional circumstances. Even if it assumed that plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. The Court is faced with similar cases almost daily. This case is proceeding on Plaintiff's deliberate indifference and retaliation claims, and the record supports the finding that Plaintiff has sufficiently articulated his claims and litigated this action to date. While the Court recognizes that Plaintiff is at a disadvantage due to his pro se status and his incarceration, the test is not whether Plaintiff would benefit from the appointment of counsel. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986) ("Most actions require development of further facts during litigation and a pro se litigant will seldom be in a position to investigate easily the facts necessary to support the case.") Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel. The test is whether exception circumstances exist and here, they do not. Further, there are pending Findings and Recommendations to grant Defendants' motion for summary judgment and Plaintiff is not likely to succeed on the merits of his claims. Accordingly, Plaintiff's third motion for appointment of counsel shall be denied.

With regard to Plaintiff's request for appointment of an expert witness, Federal Rule of Evidence 706 provides that "the court may order the parties to show cause why expert witnesses should not be appointed and may ask the parties to submit nominations. The Court may appoint any expert that the parties agree on and any of its own choosing." Fed. R. Evid. 706(a). However, court-appointed experts typically are used in complex litigation where the record is not clearly developed by the parties, and generally serve the purpose of aiding the court in understanding the subject matter at hand. See Walker v. Am. Home Shield Long Term Disability Plan, 180 F.3d 1065, 1071 (9th Cir. 1999) (appointing a physician expert witness where medical testimony on record was "not particularly clear"); Woodroffe v. Oregon, 2014 WL 1383400, at *5 (D. Or.

April 8, 2014) ("This Rule permits a court to appoint a neutral expert to assist the court to understand complex, technical, or esoteric subject matter."); In re Joint E. & S. Districts Asbestos Litig., 830 F. Supp. 686, 693 (E.D. N.Y. 1993) (noting that court appointment of experts is appropriate only in "rare circumstances" and should be reserved for "exceptional cases" in which the ordinary adversarial process does not suffice, such as complex mass tort problems.) Courts do not invoke Rule 706 simply to "appoint an expert on behalf of an indigent civil party." Woodroffe, 2014 WL 1383400, at *5; see also Gorton v. Todd, 793 F. Supp.2d 1171, 1178 n.6 (E.D. Cal. 2011) (Rule 706 did not permit the appointment of a neutral expert witness solely for an indigent prisoners' "own benefit" in aiming to prove deliberate indifference). Indeed, "28 U.S.C. § 1915 does not authorize the court to appoint an expert for plaintiff's benefit to be paid by the court." Gorton, 793 F. Supp. 2d at 1184 n.11.

Plaintiff seeks appointment of Dr. Lance R. Stone an expert witness. (ECF No. 70.) To the extent Plaintiff seeks appointment of an expert witness to testify to Plaintiff's view of the medical standard of care, such appointment is inappropriate. Rule 706 does not contemplate court appointment and compensation of an expert witness as an advocate for plaintiff. Manriquez v. Huchins, 2012 WL 5880431, *14 (E.D. Cal. 2012) (purpose of a court-appointed expert is to assist the trier of fact, not to serve as an advocate); Brooks v. Tate, 2013 WL 4049043, *1 (E.D. Cal. Aug. 7, 2013) (avoiding bias or otherwise assisting one party is not the purpose of Rule 706); Gorrell v. Sneath, 2013 WL 3357646, * 1 (E.D. Cal. Jul. 3, 2013) (purpose of court-appointed expert is to assist the trier of fact, not to serve as an advocate for a particular party). Rather, Rule 706(a) of the Federal Rules of Evidence permits the court to appoint only neutral expert witnesses.

As stated above, Findings and Recommendations are currently pending to grant Defendants' motion for summary judgment on Plaintiff's deliberate indifference claims. Thus, appointment of an expert witness was not and is not warranted. See Wallace v. Pierce Cnty. Sheriff's Dep't, 2019 WL 3736658, at *3 (W.D. Wash. Aug. 8, 2019) (denying motion for court-appointed expert where the plaintiff alleged deliberate indifference to his medical needs because "the facts of this case are not extraordinary, and the legal issues are not complex") (citation

omitted).  Accordingly, Plaintiff's second motion to appointment a medical expert under Rule 706 shall be denied.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's third motion for appointment of counsel is denied; and
2. Plaintiff's second motion for appointment of an expert witness is denied.

IT IS SO ORDERED.

Dated:   **July 27, 2023**

UNITED STATES MAGISTRATE JUDGE